Parker, J.
The first four paragraphs of the Report present a short and accurate statement of this case, and are as follows:
‘ ‘ The plaintiff seeks in this action of contract to recover seventy-three and 23/100 dollars ($73.23) by virtue of a verbal agreement wherein the plaintiff, after the defendant’s adjudication in bankruptcy, _ agreed to forbear and did forbear to repossess certain merchandise sold to the defendant under a contract of conditional sale.
“The defendant’s answer contained a general denial, pleas of payment, adjudication and discharge in bankruptcy and further that the agreement alleged in the plaintiff’s declaration was not in writing.
*121 “The pleadings are made a part hereof and are annexed at the- conclusion of this report.
“At the time of trial no witnesses were offered by either party. It was mutually agreed that the Court was to consider the allegations set forth in the plaintiff’s declaration as evidence; that the defendant was duly adjudicated and discharged as a bankrupt by the District Court of the United States for the District of Massachusetts; that the plaintiff was properly listed as a creditor in his bankruptcy schedules; that the lien by the plaintiff on certain property under the conditional sales contract was preserved and not lost by the discharge in bankruptcy and that the agreement mentioned in the declaration was. verbal.”
The findings and decision of the Trial Justice are set forth in the report as follows:
■ “This is an action of contract to recover a balance with interest for goods sold by plaintiff to defendant under a conditional lease contract.
“The answer in substance is a general denial, payment, adjudication and. discharge in bankruptcy by the United States District Court and that the alleged agreement was not in writing.
“The real defense-of the defendant is under Gr. L. Chapter 259', Section 3 and Chapter 260, Section 13.
“At the trial it was mutually agreed that the Court was to consider the allegations set forth in the plaintiff’s declaration as evidence; that the defendant was duly adjudicated and discharged as a bankrupt by the District Court of the United States for the District of Massachusetts; that the plaintiff was properly listed as a creditor in his bankruptcy schedules; that the lien by the plaintiff on certain property under the conditional sales contract was preserved and not lost by the discharge in bankruptcy and that the agreement mentioned in the declaration was verbal.
“Upon all the evidence I find as facts the said evidence : That the agreement set forth in the plaintiff’s declaration to pay the sum of seventy-two and 45/100 dollars ($72.45) was a new promise of an insolvent debtor and was not in writing and not enforceable un *122 der Chapter 259, Section 3, of the General Laws; that said agreement was not a sufficient aciknowledgment or promise of a new or continuing contract so that the plaintiff can recover under Section 13, Chapter 260, of said Laws.
“The plaintiff seasonably filed eight requests for rulings and the defendant also seasonably filed three requests for rulings, all of which I disallow as they seem to me to be immaterial or not entirely applicable in view of the facts found by me. ”
It may be stated át the outset that the informal manner, in which the decision disposes of the plaintiff’s eight requests for rulings is unfortunate. We are placed in a po^sition where we cannot determine with certainty what the attitude of the Court was with respect to all of the desired rulings. To have dealt specifically with the individual requests would have made our task easier and more satisfactory. The sixth request which reads as follows:
“Upon all the evidence as a matter of law the plaintiff’s cause of action accrued subsequent to the commencement of the proceedings in bankruptcy. ”
was disallowed. This action by the Trial Court does not seem to us to have been justified.
The first paragraph of the decision, reading as follows:
“This is an action of contract to recover a balance with interest for goods sold by plaintiff to defendant under a conditional lease contract.”
does not appear to be justified, if one is to be guided by the declaration of the plaintiff. No mention whatever is made in the declaration of “recovering a balance with interest for goods sold.” A satisfactory condensation of the declaration is set forth in the first paragraph of the report. The entire declaration reads as follows:
“And the plaintiff says that the defendant on June 2, 1936 filed a voluntary petition in bankruptcy in the *123 District Court of the United States for the District of Massachusetts and listed your plaintiff therein as a creditor; but that the plaintiff having sold certain merchandise to the defendant under a standard Massachusetts conditional lease contract under which, title to .the merchandise sold remained in the plaintiff until final payment of the purchase price had been made; that because thereof the plaintiff did not file, nor prove any claim against said estate, but retained its lien under said conditional sales contract against the merchandise sold to the defendant; that on August 3, 1936 the plaintiff informed the defendant that it intended to repossess the property sold to said defendant under the aforesaid conditional sales contract, but the defendant did then and there agree and promise to- the said plaintiff that in consideration of the promise of the plaintiff to forbear to repossess said merchandise, that he, the defendant, would pay to the plaintiff the sum of seventy-two and 45/100 dollars ($72.45); that in consideration thereof the plaintiff did forbear to repossess said property, and that the defendant did pay to the plaintiff the sum of three and 50/100 dollars ($3.50) in accordance with said agreement; and that the said defendant now owes the plaintiff a balance of sixty-eight and 95/100 dollars ($68.95) with interest amounting to four and 28/100 dollars ($4.28), thus leaving a balance due to the plaintiff from the defendant of seventy-three and 23/100 dollars ($73.23).”
Paragraph three of the decision, where it is stated:
“The real defense of the defendant is under G. L. Chapter 259, Section 3 and Chapter 260, Section 13.”
gives us pause in that it mentions Chapter 260, Section 13. This chapter deals with the Statute of Limitations, which is not concerned with the case before us and has no bearing. However, the fact that Chapter 260, Section 13 also is named in a later part of the decision, makes us feel that it may have been of real weight with the Trial Justice in making his findings, and in arriving at his decision.
*124 The action taken by the Court upon request No. 6, together with the informality, the uncertainty, even the confusion existent in the entire case, as it has come to us, makes us conclude that the proper action upon our part is to order a new trial. (See Kaufmann vs. Sydeman, 251 Mass. 217.)